NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD THOMAS, | ) | No. C 10-0591 LHK (PR) |
| Petitioner, | ) ) | ORDER DENYING MOTIONS FOR STAY; REQUIRING ELECTION BY PETITIONER |
| vs. | ) ) | |
| MATTHEW C. KRAMER, | ) ) | |
| Respondent. | ) ) | (Docket Nos. 43, 44) |

Petitioner, a state prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 6, 2011, the Court granted Respondent's motion to dismiss for failure to exhaust state remedies, and directed Petitioner to choose from three options how he would like to proceed. On June 22, 2011, Petitioner filed two motions to stay. For the reasons below, the Court denies Petitioner's motions to stay the petition.

**BACKGROUND**

The instant petition was filed on August 19, 2010. Petitioner challenges his 2005 criminal conviction and sentence in the Santa Clara County Superior Court. Petitioner alleges that he filed direct appeals and state habeas petitions in the California Court of Appeal and the California Supreme Court. The Court's review of the state pleadings revealed that Petitioner had not presented Claim 3 to the highest state court prior to filing his federal petition.

**DISCUSSION**

In his motion to stay, Petitioner states that he did not exhaust Claim 3 in state court prior to filing his federal petition because his appellate attorney failed to raise it. Petitioner further states that he is currently attempting to exhaust Claim 3, and therefore, requests a stay of his amended petition.

In order to grant a stay, a district court may follow either the *Rhines v. Weber*, 544 U.S. 269 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), procedures. However, Petitioner does not qualify for a stay under either test. Under *Rhines*, 544 U.S. at 277, he has not shown good cause for his failure to exhaust his claim first in state court. His reason for not having exhausted his claim is that counsel failed to raise it in state court. The Ninth Circuit has held that counsel's failure to include claims on direct appeal does not establish "good cause" to grant a pro se petitioner's request to stay a mixed federal petition under *Rhines*. *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect belief that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under *Rhines* for failure to exhaust claims earlier). A contrary conclusion would result in every represented habeas petitioner being able to argue that appellate counsel failed to raise certain issues against the petitioner's wishes to establish good cause. *Hernandez v. California*, No. C08-4085 SI, 2010 WL 1854416, at *2 (N.D. Cal. May 6, 2010) (finding appellate counsel's refusal to present claims on appeal is common occurrence of everyone with unexhausted claims). If Petitioner wanted to raise those issues and appellate counsel disagreed with him, Petitioner could have raised them himself. Mere reliance on appellate counsel does not comport with the guidance offered in *Wooten* as to good cause. As a result, Petitioner's assertion does not, without more, establish good cause for a stay under *Rhines*. *See Wooten*, 540 F.3d at 1023-24.

The alternative *Kelly* test is also unhelpful to Petitioner. Under that procedure, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his

1  petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564
2  F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).  A petitioner seeking to
3  avail himself of the *Kelly* three-step procedure is not required to show good cause as under
4  *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the
5  petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of
6  operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of
7  limitations.  *Id.* at 1141-43.

8        Even if Petitioner wanted to file a motion to amend to delete the unexhausted claim and
9  to stay the action, the claim Petitioner is currently exhausting would not relate back to the
10 properly exhausted claims in the original amended petition.  The unexhausted claim concerns
11 ineffective assistance of appellate counsel.  The exhausted claims are: (1) ineffective assistance
12 of trial counsel, and (2) prosecutorial misconduct.

13       The unexhausted claim does not share a common core of operative facts with either of the
14 properly exhausted claims contained in the original petition.  *See, e.g., Rhoades v. Henry*
15 *(Haddon)*, 598 F.3d 511, 519-20 (9th Cir. 2010) (denial of leave to amend petition to add claims
16 arising out of alleged misconduct of the prosecutors in another case against defendant based on
17 FBI lab testing was proper because those claims did not relate back to other timely-filed claims
18 about police questioning at the time of his arrest, jailhouse informant testimony, and judicial
19 bias); *Hebner v. McGrath*, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (no error in denying
20 petitioner leave to amend petition to add new claim that would be untimely where new claim
21 arose from different core of operative facts than claims in original petition and thus did not relate
22 back to original petition).  The unexhausted claim would not relate back to the properly
23 exhausted claims contained in the original amended petition.

24       Due to a critical one-year statute of limitations on the filing of federal habeas petitions
25 under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C.
26 § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed
27 petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed
28 with only his exhausted claims, or to try to exhaust the unexhausted claim before having this

1 Court consider the petition. Accordingly, instead of an outright dismissal of the action, the Court
2 will allow petitioner to choose whether he wants to:
3     (1) dismiss the unexhausted claim and go forward in this action with only the exhausted
4 claims; or
5     (2) dismiss this action entirely and return to state court to exhaust all claims before filing
6 a new federal petition presenting all of his claims.
7     Petitioner is cautioned that each of the options outlined above has risks and drawbacks
8 that he should take into account in deciding which one to choose. If he chooses option (1) and
9 goes forward with only his exhausted claims, he may face dismissal of any later-filed petition.
10 *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state
11 court to exhaust all claims before filing a new federal petition, his new federal petition may be
12 rejected as time-barred. *See* 28 U.S.C. § 2244(d).

### CONCLUSION

14     Petitioner's motions to stay are DENIED.
15     Within **thirty (30) days** of the date of this order, Petitioner must serve and file a notice in
16 which he states whether he elects to: (1) dismiss the unexhausted claim and go forward in this
17 action with only the remaining exhausted claims; or (2) dismiss this action and return to state
18 court to exhaust all of his claims before returning to federal court to present all of his claims in a
19 new petition. Whichever option Petitioner chooses, his filing need not be a long document; it is
20 sufficient if he files a one-page document entitled "Election By Petitioner" and states simply:
21 "Petitioner elects to proceed under Option _____ provided in the Court's Order dated _____."
22 Petitioner must insert a number in place of the blank space to indicate which of the two options
23 he chooses and insert the date of the Court's order.
24     **If Petitioner does not choose one of the options within thirty (30) days of the date of**
25 **this order, the entire action will be dismissed.**
26     IT IS SO ORDERED.
27 DATED: _7/2/11_____  
                                         LUCY H. KOH  
28                                          United States District Judge