NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD THOMAS, | ) | No. C 10-0591 LHK (PR) |
| Petitioner, | ) ) | ORDER GRANTING EXTENSION OF TIME TO ELECT |
| vs. | ) ) | |
| MATTHEW C. KRAMER, | ) ) | |
| Respondent. | ) ) | |

    Petitioner, a state prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 6, 2011, the Court granted Respondent's motion to dismiss for failure to exhaust state remedies, and directed Petitioner to choose from three options how he would like to proceed. One of those options included moving for a stay of proceedings if he could demonstrate good cause for failing to exhaust. On June 22, 2011, Petitioner filed two motions to stay. On July 5, 2011, the Court denied Petitioner's motion to stay because he did not qualify for a stay under either *Rhines v. Weber*, 544 U.S. 269 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Instead of dismissing this action outright, however, the Court gave Petitioner one final opportunity to decide whether he wanted to dismiss the unexhausted claim and go forward with only the exhausted ones, or dismiss the entire action and return to state court to exhaust all his claims before filing a new federal petition. The Court

Order Granting Extension of Time to Elect
P:\PRO-SE\SJ.LHK\HC.10\Thomas591eotelect.wpd

1  warned Petitioner that must make his election by August 4, 2011, or face dismissal of the entire
2  action. On July 20, 2011, Petitioner filed a letter with the Court explaining why he initially
3  chose to try to stay the action while he returned to state court to exhaust his claims. Petitioner
4  made no attempt to elect one of the two options he had left, and instead, informed the Court that
5  he had filed a petition in state court in an attempt to exhaust his unexhausted claim. Petitioner's
6  deadline for choosing an option has now passed, and the Court has not received any further
7  communication from Petitioner.

8       Out of an abundance of caution, and to ensure that Petitioner is aware of the
9  consequences of his failure to select an option, the Court will sua sponte grant one extension of
10 time for Petitioner to choose whether he wants to:

11      (1) dismiss the unexhausted claim (ineffective assistance of appellate counsel) and go
12 forward in this action with only the exhausted claims; or

13      (2) dismiss this action entirely and return to state court to exhaust all claims before filing
14 a new federal petition presenting all of his claims.

15 **If Petitioner does not choose one of these two options within twenty (20) days of the**
16 **filing date of this order, the Court will have no choice but to dismiss this action.**

17      IT IS SO ORDERED.
18 DATED: __9/19/11_____       *Lucy H. Koh*
19                                      LUCY H. KOH
                                       United States District Judge